**FILED**

February 17, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **CM** _____

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAYE ROSS,                                                    §
                                                             §
          Plaintiff,                                         §
                                                             §      5:25-CV-01176-MA
v.                                                           §
                                                             §
COSTCO WHOLESALE                                             §
CORPORATION, LIZETTE PARRA, and                              §
JOHN DOE,                                                    §
                                                             §
          Defendants.                                        §

## OPINION AND ORDER

The Court now considers Plaintiff's "Motion for Abstention, Remand and Attorney Fees"[1]

and Defendant Costco' Wholesale Corporation's ("Costco") response.[2] After considering the

motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion.

### I.    BACKGROUND AND PROCEDURAL HISTORY

This is a personal-injury negligence suit. Plaintiff alleges that she  had just entered

Defendant Costo's store location at 191 W. Loop 1604 South, San Antonio, Texas 78245 when she

was struck by a train of shopping carts being steered "in a hazardous and reckless manner" by

Defendant's employee, John Doe ("Doe").[3] This collision injured Plaintiff's foot.[4] Defendant

Lizette Parra ("Parra"), a management-level employee of Defendant Costo, then performed

"negligent, unhygienic" first aid on Plaintiff "[w]hile acting within the course and scope of her

employment.[5] Plaintiff alleges that Defendant Parra's negligent first aid "prolonged, aggravated[,]

---

[1] Dkt. No. 13.
[2] Dkt. No. 16.
[3] Dkt. No. 1-2, at 3–4.
[4] Dkt. No. 1-2, at 4.
[5] Dkt. No. 1-2, at 3–4.

and compounded" her injuries, leading to a severe infection in her foot.[6] Plaintiff seeks damage for injuries she sustained as a result of this incident.

Plaintiff commenced this suit on June 20, 2025 in the 438th District Court, Bexar County, Texas against Defendants Costco, Parra, and Doe.[7] Defendant Parra was served on August 21, 2025,[8] and Defendant Costo was served on August 22, 2025.[9] Defendant Costco removed the case to this Court on September 18, 2025.[10]

Plaintiff filed her "Opposed Motion for Abstention, Remand and Attorney Fees"[11] on January 27, 2026 and Defendant has timely responded.[12] The Court now turns to the analysis of the motion to remand.

## II.    MOTION TO REMAND

In her motion,[13] Plaintiff requests the Court remand her suit to the 438th District Court, Bexar County, Texas in which it was filed by Plaintiff.[14]

### a.  Legal Standard

It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[15] District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[16] While the Court has jurisdiction to

---

[6] Dkt. No. 1-2, at 4.
[7] Dkt. No. 1-2.
[8] Dkt. No. 13-2, at 3.
[9] Dkt. No. 13-3, at 3.
[10] Dkt. No. 1.
[11] Dkt. No. 13.
[12] Dkt. No. 16.
[13] Dkt. No. 13.
[14] Dkt. No. 1-2.
[15] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).
[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

determine its jurisdiction,[17] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[18] "Removal [to federal court] is proper only if that court would have had original jurisdiction over the claim."[19] The Court determines its jurisdiction by considering the plaintiff's claims as they existed at the time of removal,[20] which cannot be defeated by the plaintiff's later amendment.[21]

If the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: that each defendant is a citizen of a different state from each plaintiff[22] and the amount in controversy exceeds $75,000.[23] Accordingly, "[w]hen original federal jurisdiction is based on diversity . . . a defendant may remove only 'if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"[24] Citizenship, domicile, and residency are frequently conflated terms; for diversity jurisdiction purposes, a person is a citizen of the state where that person resides and has an intention to remain or make his or her home, and a business entity is typically a citizen of the state both where it is incorporated and where it has its principal place of business.[25] "The removing party, the party seeking the federal forum, bears the burden of showing that federal jurisdiction

---

[17] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

[18] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[19] *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)

[20] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668 n.2 (5th Cir. 2007); *see Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that removal is to be "determined according to the plaintiffs' pleading at the time of the petition for removal").

[21] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

[22] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side.").

[23] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

[24] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting 28 U.S.C. § 1441(b)).

[25] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–14 (5th Cir. 2019); *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 451 (5th Cir. 2003).

exists and that removal was proper,"[26] and must overcome this Court's presumption that cases lie outside its narrow jurisdiction.[27] "Each factual issue necessary to support subject matter jurisdiction 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'"[28]

If each defendant is not a citizen of a different state from each plaintiff, a party—usually a removing defendant—may claim that the plaintiff improperly or fraudulently joined parties to defeat federal diversity jurisdiction. The citizenship of an improperly joined party is then disregarded in determining the Court's jurisdiction.[29] The doctrines of fraudulent or improper joinder ensure "that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[30] There is a heavy burden upon the party claiming improper or fraudulent joinder.[31] The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[32] The Court determines "whether [the plaintiff] has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must*

---

[26] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

[27] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[28] *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)), *quoted in MidCap Media Fin.*, 929 F.3d at 315 n.*.

[29] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting 28 U.S.C. § 1441(b)).

[30] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

[31] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

[32] *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

*be reasonable,* not merely theoretical."[33] To test this reasonable basis for recovery, the Court may resolve the issue with a two-step analysis. First, "[t]he court may conduct a [Federal Rule of Civil Procedure] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[34] The Court uses federal pleading standards in assessing the state court complaint.[35] A Rule 12(b)(6) analysis "leaves intact the well-pleaded complaint doctrine with all its intended reach,"[36] so the analysis accepts all well-pled facts in the complaint as true and interprets those facts in the light most favorable to the plaintiff, then asks whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."[37] The Court does not make credibility determinations or discount the complaint's factual allegations.[38] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[39] If a complaint can survive a Rule 12(b)(6) analysis, there is no improper joinder as to that party.[40] "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[41] But if "there is no reasonable basis for the

---

[33] *Travis*, 326 F.3d at 648 (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).
[34] *Smallwood*, 385 F.3d at 573.
[35] *Int'l Energy Ventures Mgmt. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016).
[36] *Smallwood*, 385 F.3d at 576.
[37] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[38] *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).
[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[40] *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200.
[41] *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

district court to predict that the plaintiff might be able to recover against an in-state defendant," the party was improperly joined.[42]

In instances in which the propriety of joinder is still questionable after the Rule 12(b)(6)-like analysis, or if the plaintiff has misstated or omitted facts that would determine the propriety of joinder, the Court may in its discretion pierce the pleadings and conduct a "summary inquiry" to consider "summary judgment-type evidence such as affidavits and deposition testimony" but will not pretry factual issues.[43]

While a District Court has jurisdiction to determine its own jurisdiction in considering a motion to remand, the focus of the inquiry on a motion to remand must "must be on the joinder, not the merits of the plaintiff's case."[44] Importantly, "removal statutes are to be strictly construed against removal; doubts as to removal are resolved in favor of remanding the case to state court."[45] Specifically, the Court will resolve all legal and factual issues, doubts, and ambiguities in favor of remand,[46] because the exercise of jurisdiction over a removed case "deprives a state court of a case properly before it and thereby implicates important federalism concerns."[47]

---

[42] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 573).

[43] *Hart v. Bayer Corp.,* 199 F.3d 239, 246–47 (5th Cir. 2000); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005).

[44] *Int'l Energy Ventures Mgmt.*, 818 F.3d at 209–10 (quoting *Smallwood*, 385 F.3d at 573); *see Smallwood*, 385 F.3d at 576 (emphasis added) ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the *joinder* was improper.").

[45] *Tebon v. Travelers Ins. Co.*, 392 F. Supp. 2d 894, 898 (S.D. Tex. 2005) (Jack, J.) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) & *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[46] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (alterations in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)) ("[T]he district court is 'obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor.'").

[47] *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981) ("[T]he trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.").

### b. Analysis

In its Notice of Removal, Defendant Costco argues that removal was proper under 28 U.S.C. §§ 1441 and 1332 because Plaintiff is a citizen and permanent resident of Texas and Defendant Costco is incorporated and has its principal place of business in Washington.[48] Correctly disregarding Defendant Doe's citizenship as irrelevant for the purposes of determining the diversity of citizenship, Defendant Costco argues that Defendant Parra had been improperly joined because she owned no independent duty of care to Plaintiff.[49] Defendant Costco also asserts that the amount in controversy exceeds the sum of $75,000 because Plaintiff's Original Petition seeks monetary damages over $250,000.[50] The Court agrees that the amount in controversy exceeds $75,000.

In her Motion to Remand, Plaintiff seeks an order of remand because of "procedural defects in [Defendant Costo's] removal process, the rule of unanimity, improper joinder, and the sufficiency of Plaintiff's claims against the non-diverse [D]efendant, Lizette Parra."[51] The Court will address each of these in consideration of Defendant's response to each of Plaintiff's allegations.

### 1. *Procedural Defect by the Rule of Unanimity*

Plaintiff asserts that Defendant Costco's Notice of Removal was procedurally defective because it failed to comply with the Rule of Unanimity. Plaintiff points to 28 U.S.C. § 1446(b)(2)(A), which provides that "[w]hen a civil action is removed solely under § 1441(a), all

---

[48] 28 U.S.C. § 1332(c)(1) (A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

[49] Dkt. No. 1, at 2–3.

[50] Dkt. No. 1, at 5.

[51] Dkt. No. 13, at 1.

defendants who have been properly joined and served must join in or consent to the removal of the action." Plaintiff argues that, despite indicating in its Notice of Removal that "all known defendants consent to this Notice of Removal,"[52] Defendant Costco failed to secure Defendant Parra's consent to removal despite the fact that she was "properly joined and served" when Defendant Costco removed the case to federal court.[53] Thus, Defendant Costco's removal is "procedurally defective."[54]

Neither Plaintiff nor Defendant Costco address the timeliness of this argument. Defendant Costco maintains only that it had no obligation to obtain Defendant Parra's consent to removal because, as it argued in its Notice of Removal, Defendant Parra was improperly joined.[55] The Court finds that Defendant Costco's understanding of the procedural requirements governing removal is correct. Title 28 U.S.C. § 1446(b)(2)(A) requires only the consent of parties that have been properly joined. A lack of complete diversity does not render an action non-removable if the party preventing removal has been improperly joined.[56] However, 28 U.S.C. 1447(c) requires procedural defects in removal be made within thirty days of removal. Therefore, even if Defendant Costco's removal was procedurally defective, that defect has been waived. The Court must nonetheless consider whether Defendant Parra was improperly joined in this action.

2. *Improper Joinder by Insufficient Claim*

Plaintiff asserts that she has a valid and actionable direct negligence claim against Defendant Parra "for [Defendant Parra's] unhygienic and negligent administration of first aid" independent of her vicarious liability claim against Defendant Costco for Defendants Doe and

---

[52] Dkt. No. 1, at 6.
[53] Dkt. No. 13, at 7.
[54] Dkt. No. 13, at 8 (citing *Zambrano v. New Mexico Corrections Department*, 256 F.Supp.3d 1179 (2017)).
[55] Dkt. No. 16, at 5–6.
[56] 28 U.S.C. § 1446(b)(2)(A); *see Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

Parra's actions.[57]  While Plaintiff cites to various cases involving claims of negligence against co-defendants, she cites no legal support based on the facts before the Court.

Defendant Costco maintains that Plaintiff has no actionable negligence claim against Defendant Parra because "individual liability against an employee only arises when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care."[58] Defendant Costco argues that Defendant Parra's actions could not give rise to an independent liability claim because, as Plaintiff herself states in her Original Complaint, Defendant Parra "was acting within the course and scope of her employment with Costco" at the time that she rendered first aid to Plaintiff.[59] Finally, Defendant Costco notes that, although Plaintiff repeatedly alleges that Parra was independently negligent, this claim is defective because Plaintiff "fails to illustrate, in her Motion or Petition, what duty Parra owed independently and separately from Defendant Costco to plaintiff."[60] Having reviewed the pleading and relevant authorities, the Court agrees.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged."[61] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[62] Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"[63]

---

[57] Dkt. No. 13, at 11.
[58] Dkt. No. 16, at 4.
[59] Dkt. No. 16, at 4 (citing Dkt. No. 1-2, at 3).
[60] Dkt. No. 16, at 8–9.
[61] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[62] *Twombly*, 550 U.S. at 555.
[63] *Id.*

Defendant Costco is correct that Plaintiff fails to cite legal authority to support her direct liability claim against Defendant Parra or even to identify the nature of the claim she is pursuing. A thorough review of Plaintiff's complaint makes it clear that Plaintiff's claims are only against Costco. Plaintiff sets out the following as it pertains to Defendant Parra:

> 19. Parra, a management level employee of COSTCO, who is (sic) to the best of Plaintiff's knowledge was also supervising the actions of Doe, came to Plaintiff to question what happened. While acting within the course and scope of her employment with COSTCO, Parra also performed negligent first aid on Plaintiff. This negligent first aid aggravated Plaintiffs condition and exacerbated her injuries.
> […]
> 23. Parra, an employee and manager at the time of the injury was acting within the course and scope of her employment with COSTCO.
> […]
> 25. Parra, then attempted for some reason to administer first aid. She did this in a negligent, unhygienic manner which combined with and exacerbated Plaintiff's original injury. The actions of Parra caused a severe infection in Plaintiff's foot, which prolonged, aggravated and compounded the original injury and the severity of Plaintiff's injuries.
> […]
> 30. COSTCO breached said duty by permitting Parra to apply a substance to Plaintiff's injury which was improper and counter to basic first aid wound care, without training of Parra in the proper application of the first aid administered resulting in an aggravation of the injury caused by COSTCO.

Dkt. No. 1-2, at 3–5.

Thus, the allegations in Plaintiff's complaint make it clear that liability exists, if at all, only against Costco. The law is clear that an employee acting in the scope and course of his employment may only be individually liable if an independent duty of care exists. [64] The duty of care

---

[64] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (finding that an employee may be held individually liable for a vehicular collision while driving his employer's vehicle in the scope and course of his employment because "the

requirement is not a defense on the merits, as Plaintiff contends, but a legal requirement for recovery.[65] Plaintiff wholly fails to identity an independent duty owed by Defendant Parra to Plaintiff. Rather, Plaintiff repeatedly makes it clear that Defendant Parra's alleged negligence was engaged in as an employee of Defendant Costco. On these facts, the Court finds that Defendant Parra was improperly joined. As such, Defendant Lizette Parra should be dismissed from this action.

**III.    CONCLUSION AND HOLDING**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand and Defendant Lizette Parra is hereby **DISMISSED** without prejudice

IT IS SO ORDERED.

DONE this 17th day of February, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer.").

[65] *See id.*